UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CAMERON BELL, | | Case No. 2:21-cv-00365-KJD-BNW |
| | Plaintiff, | SCREENING ORDER ON AMENDED COMPLAINT |
| v. | | (ECF No. 8-1) |
| STRUCK LOVE BOJANOWSKI AND ACEDO PLC, *et al.*, | | |
| | Defendants. | |

Plaintiff, who is in the custody of the Federal Bureau of Prisons ("BOP"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed two applications to proceed *in forma pauperis*[1], a motion to send a copy of his lawsuit to a news station, and a motion for docket sheet. (ECF Nos. 4, 5, 8, 8-1, 9). Plaintiff has submitted multiple complaints in this case (*see* ECF Nos. 1-1, 5-1, 8-1). The Court treats the amended complaint submitted at ECF No. 8-1 as the operative complaint because amended pleadings supersede the original complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). The Court now screens Plaintiff's amended civil rights complaint (ECF No. 8-1) under 28 U.S.C. § 1915A and addresses the motions.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

---

[1] The Court denies Plaintiff's first application to proceed *in forma pauperis* (ECF No. 4) as moot and grants his second application to proceed *in forma pauperis* (ECF No. 5).

claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While

the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF AMENDED COMPLAINT

In the amended complaint, Plaintiff reiterates the basis of a prisoner civil rights lawsuit that he filed in federal court on October 23, 2017.  (ECF No. 8-1 at 7).  Plaintiff asserts that the judge in that case ruled in favor of the defendants on summary judgment. (*Id.*) However, Plaintiff alleges that the defendants' attorney in that case, Ashlee Hesman, her law firm, and other representatives of CoreCivic, fabricated video footage and materially altered a medical report causing Plaintiff to lose $8 million in relief. (*Id.*) Struck Love Bojanowski and Acedo PLC, a law firm, and the Nevada Attorney General

committed fraud upon the court to present false and deceitful evidence.  (*Id.* at 7-8).  Plaintiff seeks $1 million in this case. (*Id.* at 10).

The Court dismisses this case with prejudice as amendment would be futile.  This lawsuit is attempting to challenge rulings and alleged fraudulent conduct that took place in a different federal civil rights lawsuit.  If Plaintiff wants to challenge the rulings in that other lawsuit, he needs to file an appeal in that other case.  If Plaintiff is trying to change the final judgment or order in that other case due to fraud, Plaintiff should review Federal Rule of Civil Procedure 60(b)(3) and file the appropriate motion in that other case.  Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

The Court denies Plaintiff's motion to send copies of his lawsuit to a news channel (ECF No. 8).  The Court grants Plaintiff's motion for a copy of the docket sheet (ECF No. 9).

### III.     CONCLUSION

It is therefore ordered that the first application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) without having to prepay the full filing fee is **granted**.  Plaintiff will **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Federal Bureau of Prisons will forward payments from the account of **Cameron Bell, #49789-048** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account

exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services,** USP Victorville, U.S. Penitentiary, P.O. Box 5400, Adelanto, CA  92301.

It is further ordered that the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act, even though this action is dismissed.

It is further ordered that Clerk of the Court file the amended complaint (ECF No. 8-1) and send Plaintiff a courtesy copy. This is the operative complaint.

It is further ordered that the amended complaint (ECF No. 8-1) is dismissed in its entirety with prejudice as amendment would be futile.

It is further ordered that the motion to send a copy of the lawsuit to a news channel (ECF No. 8) is denied.

It is further ordered that the motion for a copy of the docket sheet (ECF No. 9) is granted. The Clerk of the Court will send Plaintiff a courtesy copy of the docket sheet.

It is further ordered that the Clerk of the Court will close this case and enter judgment accordingly.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS  9   day of November 2021.

_____
UNITED STATES DISTRICT JUDGE